J-S31018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
QUALUANI JZARIE ANTHONY :
:
Appellant : No. 2053 MDA 2019

Appeal from the Judgment of Sentence Entered July 9, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000946-2018

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:              **FILED: AUGUST 31, 2020**

Appellant, Qualuani Jzarie Anthony, appeals from the Judgment of Sentence entered following her open guilty plea to Aggravated Assault and Recklessly Endangering Another Person.[1]  Appointed counsel, Matthew P. Kelly, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We affirm the Judgment of Sentence and grant counsel's Application to Withdraw as Counsel.

On January 5, 2018, Appellant stabbed the victim in the eye with a kitchen knife.  In exchange for her plea, the Commonwealth agreed to withdraw additional charges filed against Appellant.  The trial court accepted her plea and imposed an aggregate sentence of 72 to 180 months of

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 2705.

incarceration, within the standard range of the Sentencing Guidelines. *See* Trial Ct. Op., 2/14/20, at 1.[2]

Appellant timely filed a post-sentence Motion, asking the court to reconsider its sentence, which the trial court denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive Opinion.

In this Court, counsel has filed an *Anders* Brief challenging the discretionary aspects of Appellant's sentence. *Anders* Br. at 1, 5-8.[3] In addition, counsel has filed an Application to Withdraw as Counsel.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;

---

[2] At her sentencing, Appellant asserted that she used a piece of glass, not a kitchen knife, to stab the victim. *See* Trial Ct. Op. at 1 n.1; N.T. Sentencing, 7/9/19, at 7.

[3] "Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted).

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In addition, counsel must provide a copy of the *Anders* brief to his client. "Attending the brief must be a letter that advises the client of [her] right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.'" *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)).

Counsel has complied with the requirements of *Anders* as articulated in *Santiago* and supplied Appellant with a copy of his *Anders* Brief and a letter explaining the rights enumerated in *Nischan*. *See* Application to Withdraw, Exh. (Letter, dated March 24, 2020). Accordingly, counsel has complied with the technical requirements for withdrawal.[4]

Having addressed counsel's technical compliance with *Anders*, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or

---

[4] Appellant has offered no response to counsel's *Anders* Brief.

misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Appellant challenges the discretionary aspects of her sentence, asserting the court abused its discretion by not sentencing her "to the lower end of the standard range of the sentencing guidelines[.]" ***See Anders*** Br. at 5.

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.***; ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed. Further, Appellant sufficiently preserved her claim in a post-sentence Motion, which requested a more lenient sentence based on certain mitigating evidence presented at her sentencing hearing. ***See*** Motion, 7/19/19. Within the ***Anders*** Brief, Appellant has included a concise statement pursuant to Rule 2119(f). Thus, we proceed to address whether Appellant presents a substantial question.

Whether a substantial question has been raised is determined on a case-by-case basis. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." ***Id.*** (citation and quotation omitted).

In her Rule 2119(f) Statement, Appellant claims the trial court abused its discretion when it imposed a sentence in the standard range because it failed to consider mitigating evidence of record. ***See Anders*** Br. at 3.

It is well-settled that "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." ***Moury***, 992 A.2d at 171 (citation omitted). In addition, where the court had the benefit of a pre-sentence investigation report, we may presume that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Here, the trial court had the benefit of a pre-sentence investigation report. ***See*** N.T. Sentencing at 1. Thus, we may presume it was aware of Appellant's particular circumstances and character. Moreover, the record confirms that the trial court had appropriate information for its consideration. ***See id.*** at 5-9 (counsel discussing Appellant's pregnancy, as well as her history of mental health and substance abuse; the court considering

- 5 -

Appellant's letter of apology and assuaging Appellant's concern that she would not be able to see her child). Thus, we conclude that Appellant has not raised a substantial question.

Following our review of the issue raised by Appellant in counsel's **Anders** Brief, we agree with counsel and conclude that this Appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2020